Our last case today, number 241745 Odette Lopez Collazo v. Wilfredo Ruiz-Feliciano, et al. Counsel for appellant, please introduce yourself on the record to begin. Once again, good morning, your honors. For the record, I'm Raul Dan Gonzalez. On behalf of our appellant, Odette Lopez Collazo. If you would allow, your honor, I would like to address first the order that you issued on October 22nd as to the Federal Rule 54B. Now, the claim that Ms. Odette Lopez had against Mr. Luis Velez was because once she lost her job, she's entitled to the sick leave that she didn't use and to the vacations that she had accumulated. She requested that and they didn't give her the amount of money that she was entitled to. Then we filed for that, alleging that other persons in similar circumstances were given the money and she wasn't given just for political reasons. Eventually, she was given the money. Then when this case came to trial, we didn't pursue that issue because her main purpose was to receive the money that she was entitled. So, as of today, Ms. Odette Lopez's only claim is the one that is before us today. What is the status of that claim? Has it been dismissed from the case? Was it withdrawn? Is it pending? I mean, this is ironic. The last case, we were concerned that somebody was pressing something for no reason. Now you're telling us we're not pressing something and we're saying, no, you really are. No, Your Honor. We're not. The claim that we have is the one that we have here today. But is the Velez claim, has it been dismissed? No, Your Honor. Unfortunately, and I have to admit that was a mistake. So, given that it hasn't been dismissed, how does that factor into the Rule 54B? Okay, I can tell the Court. Are you willing to withdraw it? Right. I can tell the Court that, and with the authorization of Ms. Odette Lopez, because we already discussed this, that I'm going to file a motion in the District Court requesting the dismissal of whatever claim she had against Mr. Luis Velez. Okay, and then what about the municipality claim? Well, Your Honor, the municipality that had to do with Mr. Luis Velez, that will be dismissed. But the one that had to do with the mayor, that is the one that we have here, that will not be dismissed. And that hasn't been adjudicated either, has it? Pardon me? Has it been adjudicated? The municipality claim, has that been adjudicated? No, Your Honor. So what's the effect of that on the Rule 54 analysis? Well, Your Honor, the fact on our Rule 54 will be that, depending on the ruling on this case, obviously, we'll know if we have a claim, if we continue the claim against the municipality and the mayor. Our order was concerned that there was a pending claim. There were two pending claims that were not addressed in the Rule 54B analysis. Right. You're telling us one of them you plan to dismiss, which raises some complicated questions about ripening because you filed prematurely and we don't have a Rule 54. But putting all that aside, even independent of that, even if you did that, our order also mentioned another pending claim, which was not addressed in the Rule 54 analysis. And you're saying that claim is still pending and you don't intend to withdraw it, right? No, I didn't say that, Your Honor. As I said, we intend to request dismiss of all the claims except the ones that we have here before us today. So all the claims that have to do with actions done by, or possible actions done by Mr. Luis Velez. And so what happens, given that you, you know, the appeal is already here. Right. And it occurred before those claims have been dismissed. So at the time of the Rule 54B, there were unaddressed pending claims. That is correct, Your Honor. So what are we supposed to do about that? Well, Your Honor, the fact is that when the court granted the Rule 54B, well, we followed the procedure and we followed brief and we continued. Then we went to the court for a trial jury of the claims of Ms. Marisa Fon and Verania Crespo. At that trial, we didn't pursue any claim against Mr. Velez. I understand what happened. I'm trying to figure out legally where does that leave us with respect to our appellate jurisdiction, which is what we asked you to address in the order. Because there was a Rule 54B ruling that did not address claims that were pending at the time and the appeal was taken before any action to dismiss those claims has been taken. So that means at the time we have the case, right now there's a question, do we have appellate jurisdiction? Well, Your Honor, I believe you do because the decision of the court was related to the claim of Ms. Odette Lopez as to the fact that she lost her job, not as to the fact of what happened with Mr. Luis Velez. Because those were two different issues that were presented before this court. And that's what we're saying is the claims against Mr. Luis Velez, we are requesting, we will be requesting that those claims be dismissed. And I honestly believe... Unless my colleagues have other questions, do you want to move on to the merits? Okay, Your Honor. Your Honor, this case, as stated before, is a case when Ms. Odette Velez, she had an appointment as the internal auditor of the municipal government of Maricaba. That's a trust position. You don't dispute that, right? No, we don't dispute that. So she can be removed at any time by any mayor? She can be dismissed at any time by any mayor. And as a matter of fact, in this case, we don't have a case of dismissal. I realize that, but... Under Puerto Rico law. Under Puerto Rico law. Your contention is not under the First Amendment. Right. But, Your Honor, the fact is that she was dismissed not only because she was a trust employee, we don't dispute that, but the reason why she was dismissed was her political affiliation. You mean the reason she wasn't rehired, the defeated mayor dismissed her, the new mayor refused to hire her back. No, Your Honor, the... She got a letter from the defeated mayor saying you're relieved of your duty as of X date, which was his, I believe, his last date of being in office. Right. No, Your Honor, that's not exactly as we see that. You see, the former mayor, it's not that he dismissed her, it's that the appointment that she had ended on the 31st of December. But it's a trust appointment, so if it ends on the 31st of December at the end of his term, that's it. She's not entitled to that position then. Well, it's not that she's not entitled, but the position that she had, as a matter of fact, ended there. So the issue was if the new mayor was correct in not appointing her again only for political reasons. We agree that this is a trust position, but it's a trust position for... Okay, is it an Elrod Rante type of trust position? Yes, because he... Okay, so why does the next... I thought your position was no on that, not yes. No, Your Honor, this position is a trust position, but it's a position for which political affiliation is not a proper requirement. That was why I was asking if it's an Elrod Burns position or not, so... So, because it's a position for which political affiliation is not a proper requirement. The new mayor could decide... That is the First Amendment. Right. The new mayor could decide, I'm not going to appoint her because I don't like her work, because for whatever reason, but he chose not to rehire only because she was affiliated to the New Progressive Party. And she wanted an internal auditor that had to be affiliated to the Popular Democratic Party. And that's why we're saying that this is a case in which the new mayor could not deny her the right to be hired as an initial employee for the reasons of being a member of the New Progressive Party. Where is the right to be hired for a position you're not entitled to? She's been terminated, so she said, I want that position. No, Your Honor, it's not that she said... She had it before, that's not an issue, but once the former mayor from her same political affiliation says, it's over now, that is over. So, why is she entitled then to be rehired by the new mayor? Your Honor, she is not entitled to be rehired by the new mayor, but for the fact that the reason was political discrimination. As I said before, if the new mayor has said, I'm not going to hire you, for no reason whatever, I'm not going to hire you. I'm not going to hire you because I don't like the work you did. But when the new mayor said to her, and that's in the claim, you are a good employee, I know you have been a good employee, but I'm not going to hire you because you are a member of the New Progressive Party, and I want here a member of the Popular Democratic Party to that position. That's our claim. Just like a race discrimination claim. Pardon me, Your Honor? Just like a race discrimination claim, in your view. In the sense it's impermissible criteria for not hiring under the Constitution. Here it's political, just like race would not. You couldn't say, I'm not going to hire you because I don't like your race. Right. Right. That's a sign. You have an entitlement to the position, but you're entitled not to be denied the position on that ground. Exactly. I'm not saying that she's entitled for the position that she was the one that has to be hired. It's just that the reason that they gave for not hiring, that's political discrimination. Who do you claim gave her that reason? Because you're a New Progressive Party member. Who told her that? Pardon me? Who do you allege told her, you're a New Progressive Party member, you're not going to be rehired for this position, it has to go to a Commonwealth supporter? Who I allege told her that? Yeah. The Mayor. And that's in the claim. That's who you're suing. Right. Thank you. Thank you, Your Honor. Thank you, Counselor. Counselor, Attorney for Appellees, please come up and introduce yourself on the record. Good morning, Your Honors. For the record, my name is Jorge Martinez-Luciano. I represent the appellees in this matter. If it pleases the Court, I would like to start with a question regarding the claims against the Director of Finance. Our position is different. We must keep in mind that this case began with a partial motion for summary judgment. I move for summary judgment on the two things that I thought I could get it, which was the claim that this was not a political firing but a failure to hire to a vacant trust position, and on the claims of Co-Defendant Lavoie to which the Plaintiff's Office says that they were not pursuing. Let me ask you, are you in agreement that this is not an Elrod Brantley-type trust position? That was not something that I discussed or that is developed in the summary judgment record. But it's in your brief, though, on appeal. Yes. But, well, my contention is that – Before you get into that, can you just finish on the Rule 54 issue? Yes. So we must keep in mind that this is the second time that Ms. Odette Lopez tries to appeal the summary judgment ruling because she filed a notice of appeal, which we move to dismiss for one of jurisdiction. It came back, and it is in September of October, late last year, when the remainder of the case is scheduled for trial, that the Rule 54 motion is filed in the district court and it is granted. As a matter of fact, this case was – the briefs were due while we were trying the jury trial for that case, which is unorthodox for Rule 54B cases. They're supposed to be decided before. But we never moved for summary judgment on the liquidation claims because we understood that there were issues of fact, so we were not going to waste anyone's time. The first problem that plaintiff has is that the partial judgment that was issued says that there be no just reason for delay under Rule 54B. The claims of Plaintiff Lopez Collazo are dismissed with prejudice. It doesn't make any distinction. They did not move to amend that partial judgment to say, hey, listen, it should only be the claims of summary judgment. But we could read that since those were the only claims that were adjudicated. How does that help you? That means all of her claims have been dismissed, and therefore everything's final. Well, they would have a problem because in the summary judgment record, which is what the court has before it, there is no evidence regarding those claims. But my understanding is that that was just a mistake. How should we – I guess you're getting ready to answer it. How should we interpret the – My interpretation is that that was a mistake that was not corrected. Her claims were alive, and they were still pending when we go to trial. Or the court was intending to dismiss everything. I believe that – Maybe improperly, like the last case. Maybe improperly, but why shouldn't we interpret that as dismissing all of the claims, therefore making it – dismissing all of her claims, thereby bringing finality to everything? Because both in the Rule 54b motion and in our opposition to the Rule 54b motion, what was being addressed were the claims regarding the non-appointment. If we treat it as all claims, that would knock out the Velez claim and the other municipality claim, right? If it's read literally, yes. And would it knock anything else out? No. We don't think so. I see. So it wouldn't knock anything out that the plaintiff cares about. No, because the other two plaintiffs, their claims were not challenged in summary judgment, but for their claims against Ms. Laboy. So those claims went to trial, and those were dismissed by a jury. We got a verdict on that. But our contention is that certainly what the district court intended to certify for appeal was what was ruled upon, which was the summary judgment ruling. I see. So the Rule 54b problem is really only a problem if we don't read the judgment literally. Yes. Okay, that's helpful. It should be read in context of the prior motions of what was appealed and was dismissed, the appeal that was dismissed. But the fact of the matter is that those claims were— If we do read it literally, how are you aggrieved by a literal ruling other than they won't have their appeal heard? Well, they have a problem because there's a final judgment in this case, which was not appealed. And that final judgment, by definition, under Rule 58, a final judgment ends every single claim, ends all pending claims. So assuming that that claim was not decided on summary judgment, the plaintiff had to present evidence at trial for her liquidation claim. She did not. She did not testify at trial. Judge Barron said the only thing they care about right now is what's before us. So if we construe the 54b ruling to be everything is gone except what's before us, how are you aggrieved by that? We're not. Okay. Okay? Great. There's a lot of cross-party agreement today. And yet, everybody's appealing. Well, we are appeasing this one. We were brought here against our will. Let me ask you a question. This goes to the merits. But I'm looking at the partial judgment opinion that was a reconsideration by Judge McGibbon, and he states this on page 3, as previously mentioned, Lope Collazo admitted the internal auditor position was a trust position for which party affiliation is an appropriate requirement. Did Lope Collazo so admit that? I have a duty to be candid with the court, and she did not. Okay. That is a mistake in that opinion. So that's a mistake. Okay. It's a mistake that would advantage me, but it was not something that she admitted. Thank you for your candor. But that's what was ‑‑ I had to ask opposing counsel that line of questions. Is the confusion there whether we're talking about Puerto Rico law or First Amendment law? No, Your Honor. Because I don't ‑‑ she was also disputing whether it was a trust position under Puerto Rico law? That is her contention, and what Judge Dominguez agreed with, I did not go into the other ‑‑ I thought on appeal, she's suggesting that even if it's a trust position under Puerto Rico law, it's one that under the First Amendment, because of Elrod and all those cases, you can't use political affiliation for First Amendment purposes. Yes, but our position, which Judge Dominguez validated, is that the Branti exception is inopposite. We need not go into that, because all the cases in which we look into the nature of the position to see if regardless of whether the label trust was affixed on it, the plaintiff could be dismissed for politics. It is because the plaintiff is holding the position, and he or she is dismissed. In this case, my guy won the elections. This lady was discharged, or she finished in her trust position. I understand that position, but the logic of that position would be to effectively destroy civil service hiring. But this is not civil service. It is classified as a trust position. No, but for First Amendment purposes, I mean, I guess if the ‑‑ So your position is that whatever the rules are for firing, the rules are different for not hiring, in circumstances in which the state law says we don't have to hire you for, and we can give any reason under the sun. That means that they don't have to, they can say they're not going to hire any people from the opposition political party, even if Elrod Branty would classify those positions as positions that can't be excluded on that basis. Your Honor, under Puerto Rico law, what defines a trust position is that it is a position of free selection and free removal. Within that, this court, since Jimenez-Castaneda in the 80s and a long line of jurisprudence has held, okay, that is so, and that goes through the process, but once a person has the position, whether or not that person may be ousted for political reasons depends on the Branty analysis. But this is not what we have here. We have a mayor that just won an election and has a vacancy in a trust position. And the mayor is entitled to hire his trust staff. Except if he says, what counsel said, he said you might be good, you might be great, you might be the best, but you're New Progressive Party, I'm Popular Democratic Party, I'm not going to hire you for that. Now, my question as to that is, counsel said that, that's in the complaint, but is there any genuine issue of material fact as to That is the matter. Indeed, that is pled, but we're No, we're past beyond the pleading, so where in the record? Was she deposed and she said the mayor told me that, or the mayor accepted, or somebody else, is there a letter or something, or there's no Again, being candid, my recollection is that that is not in the summary judgment record. Probably, if it were, I believe the summary judgment record was decided as a matter of law. It didn't go into the record. Am I correct? Well, the summary judgment record, as to what was contested or contested, I don't believe that plaintiff introduced into the summary judgment record that evidence. Your position, and as I read the lower court's decision, it wouldn't matter if there was evidence in the record saying the mayor said, the reason I'm not hiring you is because I don't like your political party. Your position is, even if that was in the record, you'd still be entitled to summary judgment. Yes. And how do you square that with the contractor case? Isn't O'Hare, doesn't O'Hare say that you can't just O'Hare was a current contractor whose contract was being terminated. And it didn't address the issue of new contractors? I don't believe so, and I believe that trust positions, this is not the mayor deciding who's going to collect the trash. This is the mayor selecting his managerial staff. This is a person who was elected in Maricao. The previous mayor was the mayor since 1992. He was the mayor for 28 years, and this lady held that position for 25 years. And I believe that there are First Amendment interests both ways. And the First Amendment has to respect the right of the people of Maricao who elected a different mayor. But in the record, I'm looking at the findings Judge Dominguez made, really. She's been a lifelong supporter of the New Progressive Party. The mayor has been, you know, opposing party. And if you look at the particular facts, obviously the former mayor said you're out. That's not the issue. When the new mayor took office, it was the mayor's priority to fill the vacant position. I don't see anything here, you know, a finding from the record saying the mayor, actually that's what counsel is alleging, but where in the record is there anywhere that the mayor, you know, an issue of fact as the mayor is saying, you're from this party, I'm from the other party. I don't see that evidence. That is her contention. Because I would assume, you know, the First Amendment would apply either way because it's not Elroy or Brandy, but where is that evidence in the record? And counsel has not pointed out, you know, he said I alleged it. That's what he said. Yeah, and it is in the pleadings, but it's not in the summary judgment record. It could have been a deposition, it could have been an inauguratory, but there's nothing there. So would you agree that that would take care of the case? Yes. Well, would it take care of the fix? I mean, did he not point it out? Because that wasn't the basis for the summary judgment motion. If the basis for the summary judgment motion is that there's no evidence, that's one thing. But if the basis for the summary judgment motion was that as a matter of law, it's a trust position and that's the end of it, then he wouldn't have reason to point out in the record where he's alleging the mayor said that. If that was the basis, it was the respondent's burden, not the movement's burden, to bring It's the respondent's burden to respond to what's being moved. If that wasn't being moved, then there's no obligation to start making stuff up. Because the opinion, basically what the judges do below is simply say, you can fire him, there's no right to get rehired, et cetera, et cetera. But if we're saying there's a right to be at least considered for rehiring, not simply your new progressive party, don't even think about it. She has a right on the first amendment to apply. Here she can be rejected because somebody else better or somebody else. But that is not in that summary judgment decision. As movements, and I don't recall if Judge Dominguez put it in his findings, but we put in the summary judgment record the legitimate reason that the Comptroller's Office had found that this plaintiff's work as internal auditor was deficient. So that's why she was not So let me ask you, when we review this, because summary judgment review is de novo, we would have to go to the record to see if counsel created, on behalf of the client, any genuine material fact as to the fact that the major actually said, that's the reason you weren't hired. As a matter of fact, there's evidence that she did not request the position back. There's evidence in the summary judgment record that she moved for an early retirement. We'd be affirming on a ground that wasn't even moved for. It's pretty unusual. Thank you. Thank you, counsel. That concludes arguments in this case. There was no rebuttal? You didn't request rebuttal time. You didn't reserve any rebuttal time. I did reserve two minutes. No. I'll give you, you can have one minute. Go ahead. Okay, thank you. Very briefly, I just want to say that Is there anything in the record? Answer Judge Helpy's question. Is there anything in the record that the mayor said that to someone? When the summary judgment was granted, we filed for reconsideration. Then the judge, when he denied the reconsideration, I'm going to quote from page 15 of our brief. The judge said, As previously mentioned, Lopez Collazo admitted that the internal auditor position was a trust position for which party affiliation is an appropriate requirement. That was the ruling of the court. And, Your Honor, we respectfully That's different than saying that the ground for not hiring was that basis. Where do you present in the record? It could have been in a deposition, interrogatory, admission, anywhere. That the mayor actually said, I don't want you, you're MPP, I will not hire any MPP here. I don't see that anywhere. So if you can hide like that, that's all you literally need to surpass summary judgment. But I don't see it anywhere. Well, Your Honor, that's our allegation. Your allegation is not sufficient. That's the problem. You have that in the complaint. But for summary judgment, you survived any possible 12B6. You're at summary judgment. Is the argument that the jury could infer because he admitted that that was a consideration he thought he could make and there was no other plausible basis for the not hiring that it must have been for that reason? Your Honor, there was no jury here. No, but you didn't reach the jury because it went through summary judgment. But to reach the jury, you have to create a genuine issue of material fact. And is that the idea, that a reasonable jury could infer that it must have been based on the political? Yes, we always believe, Your Honor, that a reasonable jury, because there was no other reason. Did you have another reason? And not only that, the mayor, for whatever reason, he told her. Okay, but did you... This is a matter of credibility. Did you depose him? Did you depose the mayor and get him on the record to say, yes, I told her that? You didn't depose the mayor, right? No, Your Honor, but that is the main allegation of the claim. But you didn't put any evidence forward at the summary judgment proceeding. Is there anything in the summary judgment record you're saying no one was asking us to? Is that the idea? No, Your Honor. Was your client deposed? Pardon me? Was your client deposed? Yes, she was. At her deposition, did she say, the mayor told me that? Your Honor, I have to be honest with you. I don't recall at this moment if, in fact, when the council took the position of plaintiff, if, in fact, she was asked that question, because we were dealing with an appeal. We were dealing with a claim. When she asked, did somebody acting on behalf of the mayor tell you that? We're just trying to figure out if it's just inferential like Chief Judge Barron is suggesting or if there's direct evidence that the mayor said that or if someone on his behalf said that. Your Honor, this is an issue, from our point of view, of credibility. Okay, but for credibility you need to have, before a jury, you need to have a genuine issue of material fact. Let me further ask you, did you ever depose the mayor? In this case, I don't recall.  You see, Your Honor, the thing is that we have- We'll look at the record. We'll look at the record. We have various cases.  Thank you very much. Thank you, Your Honor. That concludes arguments in this case. All rise.